IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITNIE MOKA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-CV-2827-G-BW |
| | § | |
| HUNTEX PROPERTIES and MONEY | § | |
| LAW & TITLE, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Money Law & Title's ("Money") amended Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss filed on March 18, 2026, and its accompanying brief in support. (*See* Dkt. Nos. 34 ("Mot."), 35 ("D. Br.").) Plaintiff Britnie Moka, who is appearing pro se in this action, filed an opposition to the motion on March 18 (*see* Dkt. No. 39) and March 23 (*see* Dkt. No. 42). The deadline for Money's reply has passed, and it has not filed a reply. *See* N.D. Tex. L. Civ. R. 7.1(f).

The undersigned recommends that the District Judge quash service on Money and set aside entry of default against Money. All other relief sought by the motion should be denied without prejudice.

---

[1] This case has been referred to the United States magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt. No. 1.) On August 23, 2024, it was transferred and reassigned to the undersigned magistrate judge. (Dkt. No. 10.)

-1-

## I. PROCEDURAL BACKGROUND

The Court has granted Moka in forma pauperis status in this case. (Dkt. No. 6.) On November 12, 2025, after completing screening required by 28 U.S.C. § 1915, the Court directed the United States Marshals Service ("USMS") to serve a summons and a copy of the amended complaint on Defendants Huntex Properties, LLC and Money. (Dkt. No. 11.)

On December 22, 2025, USMS filed a Process Receipt and Return (Form USM-285) as to Money. (Dkt. No. 15.) The return states that service was effected by "Electronic Service – Ariana [C]havez acknowledge process." (*Id.*) On January 6, 2026, Plaintiff requested that the Clerk of Court enter default as to Money. (Dkt. No. 18.) The Clerk made an entry of default the following day. (Dkt. No. 19.)

Money appeared on March 18, 2026, when it filed the instant motion to set aside entry of default and motion to dismiss. (Dkt. No. 34.)[2] In its filing, Money asserts that it has not been properly served in this action and lacked actual notice of the action until the day before filing its motion. (Mot. at 1.)

## II. LEGAL STANDARDS

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *McAfee v. Lear Corp.*, No. 3:24-CV-1811-D, 2024 WL

---

[2] Money filed a prior motion the same day (*see* Dkt. No. 33) but soon filed the amended motion.

5012063, at *1 (N.D. Tex. Dec. 6, 2024) (internal quotation marks omitted).  A

defendant may challenge the method of service that has been attempted under Fed.

R. Civ. P. 12(b)(5).  *See id.*  "When such a motion is filed, the serving party bears the

burden of proving the validity of service of good cause for failure to timely serve."

*Id.* (internal quotation marks and brackets omitted).

Fed. R. Civ. P. 55(c) permits the district court to "set aside an entry of default

for good cause."  "The decision whether to set aside a default judgment is left to the

sound discretion of the trial judge and will be reversed only for an abuse of

discretion."  *Dolphin Plumbing Co. v. Fin. Corp. of N. Am.*, 508 F.2d 1326, 1327 (5th

Cir. 1975).  In considering whether good cause exists, courts consider "(1) whether

the failure to act was willful, (2) whether setting the default aside would prejudice the

adversary; and (3) whether a meritorious claim has been presented."  *Effjohn Int'l*

*Cruise Holdings v. A & L Sales*, 346 F.3d 552, 563 (5th Cir. 2003).

### III.  ANALYSIS

**A.    The record does not establish that Money has been validly served in this action.**

As a domestic limited liability company, service of process on Money is

controlled by Fed. R. Civ. P. 4(h)(1).  Under that provision, a plaintiff may effect

service by personally delivering the summons and complaint to "an officer, a

managing or general agent, or any other agent authorized by law to receive service of

process and—if the agent is one authorized by statute and the statute so requires—by

also mailing a copy of each to the defendant.  Fed. R. Civ. P. 4(h)(1)(B).  The rule

also allows a plaintiff to serve the company in any manner allowed under state law for serving process in an action brought in a court of general jurisdiction in the state where the court sits. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under rules applicable in Texas state courts, process may be served by personal delivery or by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a).

The Process Receipt and Return does not establish that Money has been served in any manner authorized by Rule 4(h)(1). It suggests that the summons and complaint were transmitted to Ariana Chavez by "electronic service"—presumably by email. (Dkt. No. 15.) Email is, of course, neither personal service nor service by certified or registered mail. *See* Fed. R. Civ. P. 4(e)(1), (h)(1). Although service by email may be permitted as a method of substitute service under Tex. R. Civ. P. 106(b), such substitute service has been neither requested nor authorized in this case. Money therefore has not been validly served.

Even though Money has not been properly served, "dismissal of the action is not appropriate if there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008) (internal quotation marks omitted). Dismissal might be appropriate if there is no reasonably conceivable means of acquiring jurisdiction over the defendant. *See id.* "As an alternative to dismissal, a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service." *Id.* A plaintiff's pro se status and good-faith

-4-

attempt to effect service can weight in favor of exercising discretion to quash service. *Id.*

It is appropriate in the circumstances of this case to quash service on Money and order proper service rather than dismiss the action. Because Moka is proceeding in forma pauperis, USMS has been responsible for effecting service in this case, and Moka should not be held responsible for the attempt to serve Money by means that are not authorized by Rule 4(h)(1). *See id.* at *3. Additionally, the undersigned has ordered that the Clerk of Court reissue a summons as to Money and for the USMS to serve the summons and amended complaint in a manner authorized by Rule 4(h)(1) (*see* Dkt. No. 46), so there is a reasonable prospect that Money will be properly served in the near future. Dismissal therefore is not appropriate.[3]

**B.    The entry of default should be set aside.**

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Coleman v. Bank of N.Y. Mellon*, No. 3:12-CV-4783-M-BH, 2015 WL 5437661, at *3 (N.D. Tex. Aug. 15, 2015) (quoting *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)), *accepted*, 2015 WL 5439027 (N.D. Tex. Sept. 15, 2015). "Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any

---

[3] Once Money is properly served in this action, it may urge its merits-based motion to dismiss under Fed. R. Civ. P. 12(b)(6).

default judgment against the defendant would be void." *Id.* (citing *Rogers*, 167 F.3d at 940).

Because Money has not been properly served—as discussed above—it has not willfully failed to respond to the amended complaint. *See id.* The undersigned perceives no cognizable prejudice to Moka caused by setting aside the entry of default, as she has not demonstrated that any brief delay caused by setting aside the entry of default would result in the loss of evidence or an inability to obtain discovery. *See id.* at \*4 ("[T]here is no prejudice to the plaintiff where the setting aside of the default has not no harm to plaintiff except to require it to prove its case." (internal quotation marks omitted)). Also, Money has moved expediently in seeking to set aside the entry of default after receiving notice of its existence. *See id.* (finding defendant moved promptly by filing seven business days after learning of the lawsuit from another party).

The record demonstrates that good cause exists, and the undersigned concludes that Money's motion to set aside the entry of default should be granted.

## IV.  RECOMMENDATION

For the reasons discussed, the undersigned **RECOMMENDS** that Defendant Money Law & Title's motion to set aside entry of default and motion to dismiss (Dkt. No. 34) be **GRANTED IN PART** by setting aside the entry of default (*see* Dkt. No. 19) and quashing service of process (*see* Dkt. No. 15) and **DENIED** without prejudice in all other respects.

**SO RECOMMENDED** on April 2, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  _See_ 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  _See Douglass v. United Services Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).